AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

─── OFFENSE CHARGED ───

18 U.S.C. 371

BY ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 5 year's imprisonment
$250,000 or twice the gross pecuniary gain or loss
3 years of supervised release
$100 special assessment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
OCT 10 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT - U.S. ───
▶ Harry Hu

DISTRICT COURT NUMBER
CR 18 0495

RS
CRB

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   ALEX G. TSE
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Joseph M. Alioto Jr.

─── DEFENDANT ───

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction          } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes  ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT       Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____        Before Judge: _____

Comments:

1  ALEX G. TSE (CABN 152348)
   United States Attorney

2

3  BARBARA J. VALLIERE (DCBN 439353)
   Chief, Criminal Division

4  JOSEPH M. ALIOTO JR. (CABN 215544)
   WILLIAM FRENTZEN (LABN 24421)

5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495

7      Telephone: (415) 436-7200
       FAX: (415) 436-6753

8      Joseph.Alioto@usdoj.gov
       William.Frentzen@usdoj.gov

9
   Attorneys for United States of America

FILED
OCT 10 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

~~SEALED BY COURT ORDER~~

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | CASE NO. CR 18 0495 |
|---|---|
| Plaintiff, | VIOLATIONS: |
| v. | 18 U.S.C. §§ 371, 1343, 1346, 666 (Conspiracy to Commit Honest Services Fraud and Bribery); 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| HARRY HU, | |
| Defendant. | SAN FRANCISCO VENUE |
| | ~~FILED UNDER SEAL~~ |

INFORMATION



1  The United States Attorney charges:

2  <u>COUNT ONE</u>:  (18 U.S.C. §§ 371, 666, 1343, and 1346 – Conspiracy to Commit Honest Services Fraud
3  and Bribery)

4  <center>THE CONSPIRACY AND ITS OBJECTS</center>

5      1.    Beginning on a date unknown to the United States Attorney, but no later than 2008, and
6  continuing through on or about October of 2013, in the Northern District of California and elsewhere,
7  the defendant,

8  <center>HARRY HU,</center>

9  did knowingly and intentionally conspire with WING WO MA (hereafter "MA") and with others, both
10  known and unknown to the United States Attorney, to commit the following offenses:

11      A.    wire fraud, that is: having devised and intending to devise a material scheme and
12  artifice to defraud the citizens of Alameda County and the ACDAO of their right to the honest services
13  of HU through bribery, to transmit and cause to be transmitted by means of wire communication in
14  interstate commerce writings, signs, signals, pictures, and sounds for the purpose of executing such
15  scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346; and

16      B.    bribery of an agent of an organization or agency receiving federal funds, that is:
17  MA corruptly gave, offered, and agreed to give something of value to a person or persons, intending to
18  influence and reward HU, an agent and employee of Alameda County, a state or local government or
19  agency thereof, in connection with a transaction or series of transactions involving things of value of
20  $5,000 or more, during years that Alameda County received benefits in excess of $10,000 under a
21  Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of
22  Federal assistance during each of the years of the conspiracy, in violation of Title 18, United States
23  Code, Section 666(a)(2); and HU, being an agent and employee of Alameda County, a state or local
24  government or agency thereof, corruptly solicited and demanded for the benefit of any person, and
25  accepted and agreed to accept, something of value from a person or persons, intending to be influenced
26  and rewarded in connection with a transaction and series of transactions involving things of value of
27  $5,000 or more, during years that Alameda County received benefits in excess of $10,000 under a

28

<center>2</center>

*UNITED STATES V. HARRY HU*
INFORMATION

Federal program involving a grant, contract, subsidy, loan, guarantee, insurance or other form of Federal assistance, during each of the years of the conspiracy, in violation of Title 18, United States Code, Section 666(a)(1)(B).

## MANNER AND MEANS OF THE CONSPIRACY

2. HU was a police officer with the Oakland Police Department ("OPD") from approximately 1981 to 2007. HU was an Investigator with the Alameda County District Attorney's Office ("ACDAO") from approximately 2007 to September 2018. In both positions, HU was a sworn California peace officer who owed a fiduciary duty and a duty of honest services to the OPD, Alameda County, and the citizens of Oakland and Alameda County.

3. MA, a/k/a "Mark Ma," a/k/a "Fat Mark," was engaged in a construction business, including construction for marijuana cultivation. MA also claimed to be involved in construction projects as a means of soliciting investors into alleged investment opportunities. MA served as a confidential source for HU when HU was at OPD.

4. It was a part of the conspiracy that MA, HU and their co-conspirators, known and unknown to the United States Attorney, would by bribery, deceit and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the ACDAO, an agency that receives Federal assistance, in that MA would give things of value to HU, and in return, HU would take official action or refrain from taking official action, in order to protect MA from prosecution and investigation by law enforcement agencies.

5. It was further part of the conspiracy that MA provided HU gifts of monetary value that included airfare to Las Vegas on multiple occasions, free accommodation in high-end suites and hotel rooms at Las Vegas casinos, meals, alcohol, hired hostesses at karaoke-type bars (sometimes called "PR Rooms"), free tickets to a music concert, the use of a new Mercedes Benz, among other things.

6. It was further part of the conspiracy that HU knew or had reason to believe that MA was involved in illegal and/or fraudulent activity during the conspiracy period.

7. It was further part of the conspiracy that HU, in return for the gifts given to him and his associates by MA, would agree to take official action or refrain from taking official action as a peace

officer, in order to protect MA from prosecution and investigation by law enforcement agencies.

## OVERT ACTS

8. The conspirators committed the following overt acts, among others, in furtherance of the conspiracy:

   A. From in or about 2008 to at least October 2013, MA provided things of value to HU including airfare, hotel accommodations, meals, alcohol, entertainment in bars and "PR rooms," the free use of a Mercedes Benz, among other things of value.

   B. In December 2009, HU called an officer of the OPD and told him MA was a witness for an investigation involving a large marijuana grow when, in fact, HU had reason to believe that MA was a suspect in the crime.

   C. In or about November 2008, HU invested in a construction project led by MA. HU later learned that MA's project was fraudulent and requested that MA repay HU's investment. At around the same time, MA's employee asked HU to help her obtain money owed to her by MA. This money partially represented an investment in MA's construction projects. HU ignored the request, so as not to jeopardize the repayment of his own investment from MA. Furthermore, HU did not report his knowledge or suspicion that MA was engaged in fraudulent activity, which perpetuated MA's fraud. MA repaid HU's investment. MA's employee was never repaid.

   D. In or about 2011, MA had a conversation with an associate engaged in the marijuana cultivation business during which MA offered HU's support to keep the associate from being in trouble with law enforcement.

   E. At various events between 2008 and 2013, MA solicited investors to various fraudulent investment projects. MA utilized HU's name as an investor and associate in order to give the appearance of dependability to the investments. HU was sometimes present when MA provided this type of reassurance to potential investors, and HU was aware that MA utilized HU's name to solicit investors.

   F. On or about October 22, 2013, MA was interviewed by agents of the Federal Bureau of Investigation and police officers from Mendocino County regarding the double murder of Jim

4

1  Tat Kong and Cindy Chen. After the interview, MA contacted HU via cellular telephone and text
2  messaging.
3        G.    On a date unknown to the United States Attorney, but shortly after October 22,
4  2013, MA and HU met to discuss the investigation into the double murder of Jim Tat Kong and Cindy
5  Chen. Based on the bribery relationship they had maintained through the course of the conspiracy, HU
6  understood that MA contacted HU to request that HU take official action to assist MA and protect him
7  from investigation and prosecution.
8        H.    On or about October 22, 2015, HU was interviewed by agents of the Federal
9  Bureau of Investigation. During that interview, HU knowingly and willfully made material false
10 statements designed to conceal the relationship between MA and HU.
11       I.    On or about April 21, 2018, HU in part suggested to an individual, not a
12 defendant herein, that she/he tell MA not to disclose the true relationship between HU and MA to agents
13 of the Federal Bureau of Investigation.
14       J.    On or about July 13, 2018, HU made false statements to agents of the Federal
15 Bureau of Investigation regarding his relationship with MA.
16     All in violation of Title 18, United States Code, Section 371.
17 <u>FORFEITURE ALLEGATION</u>:    (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))
18     9.    The factual allegations contained in Count One of this Information are realleged and
19 incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code,
20 Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).
21     10.    Upon conviction of the offense alleged in Count One, the defendant,
22                       HARRY HU,
23 shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any
24 property, real or personal, constituting or derived from any proceeds traceable to said violation.
25     11.    If, as a result of any act or omission of the defendant, any of said property
26       a.    cannot be located upon the exercised of due diligence;
27       b.    has been transferred or sold to or deposited with, a third person;
28

     c. has been placed beyond the jurisdiction of the Court;

     d. has been substantially diminished in value; or

     e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendant has in any other property (not to exceed the value of the above forfeitable property) shall be vested in the United States and forfeited to the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

All in violation of Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: October 10, 2018

ALEX G. TSE  
United States Attorney

STEPHANIE HINDS  
Deputy Chief, Criminal Division

(Approved as to form: _____)  
JOSEPH M. ALIOTO JR.  
WILLIAM FRENTZEN  
Assistant United States Attorneys

6

*United States v. Harry Hu*  
Information

# UNITED STATES DISTRICT COURT 
# NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL COVER SHEET

***Instructions:*** *Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.*

**CASE NAME:** USA v. Harry Hu

**CASE NUMBER:** CR 18 0495 ~~RS~~ CRB

**Is This Case Under Seal?** Yes ✓ No

**Total Number of Defendants:** 1 ✓   2-7   8 or more

**Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** Yes   No ✓

**Venue (Per Crim. L.R. 18-1):** SF ✓   OAK   SJ

**Is this a potential high-cost case?** Yes   No ✓

**Is any defendant charged with a death-penalty-eligible crime?** Yes   No ✓

**Is this a RICO Act gang case?** Yes   No ✓

**Assigned AUSA (Lead Attorney):** Joseph M. Alioto, Jr.

**Date Submitted:** 10 Oct 18

**Comments:**

Form CAND-CRIM-COVER (Rev. 11/16)

RESET FORM     SAVE PDF